**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0562-WJM

ALLEN H. LUCK,

      Plaintiff,

v.

CAROLYN C. COLVIN, Commissioner of Social Security,

      Defendant.

---

### ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g).

Plaintiff Allen H. Luck ("Plaintiff") challenges the final decision of Defendant, the

Commissioner of Social Security ("Commissioner"), denying his application for

supplemental security income benefits.  The denial was partially affirmed by an

administrative law judge ("ALJ") who ruled that Plaintiff was not disabled prior to

October 1, 2010, but became disabled on that date and continues to be disabled.  This

appeal followed.

For the reasons set forth below, the ALJ's decision is affirmed in its entirety.

### I.  BACKGROUND

Plaintiff was born on May 20, 1971 and was 22 years old on the original alleged

disability onset date.[1]  (Admin. Record ("R.") (ECF No. 10) at 225.)

Plaintiff filed an application for supplemental security income on August 8, 2007.

(R. at 139.)  The application was denied and, upon a request for a hearing, Plaintiff's

claims were heard by ALJ Peggy S. Ball on April 28, 2009.  (R. at 97.)  The ALJ found

that Plaintiff was not disabled and denied his claim on October 20, 2009.  (R. at 155.)

The Appeals Council remanded the case to the ALJ with instructions to give further

consideration to the examining source opinion of David Benson, Ph.D.  (R. at 24.)  The

ALJ held a second hearing on June 1, 2011.  (R. at 42.)  Plaintiff and vocational expert

Deborah Christensen testified at the hearing.  (R. at 24.)

On August 9, 2011, the ALJ issued a written decision in accordance with the

Commissioner's five-step sequential evaluation process.[2]  (*Id.*)  At step one, the ALJ

found that Plaintiff had not engaged in substantial gainful activity since September 18,

2007.[3]  (R. at 26.)  At step two, she found that Plaintiff suffered from "asthma; chronic

bronchitis; shoulder impingement syndrome; thoracic paravertebral muscle spasm;

---

[1]  Although Plaintiff originally claimed that his original onset date was July 30, 2003, Plaintiff amended the alleged onset date to September 18, 2007.  (R. at 48, 225.)  Plaintiff now contends that the September date was an error, and that the correct onset date is August 7, 2007.  (ECF No. 13 at 14 n.3.)  Since the alleged onset date is not at issue in this action, the Court will use September 18, 2007 going forward.

[2]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3]  At step one, the ALJ mistakenly stated that the onset date was October 1, 2010.  (R. at 26.)  The Court finds this error harmless.

obesity; shizoaffective disorder; posttraumatic stress disorder; [and] polysubstance

abuse disorder, in reported remission." (R. at 27.)  The ALJ did not find Plaintiff's

migraine headaches or sleep apnea to be a severe impairment.  (*Id.*)  At step three the

ALJ found that Plaintiff's impairments, while severe, did not meet or medically equal any

of the impairments listed in the social security regulations.  (*Id.*)

At step four, the ALJ found that for the period prior to October 1, 2010, the date

Plaintiff became disabled, Plaintiff had the residual functional capacity ("RFC") to

perform "light" work as defined by the regulations, except that the work:

> [M]ust not require overhead reaching with the left upper extremity, must not
> require more than occasional bending, squatting, crawling or kneeling, must not
> require concentrated exposure to dust, fumes or gases, must not require more
> than occasional interaction with supervisors, co-workers or the general public,
> and must be able to be performed by a person who has *moderate* limitations in
> maintaining concentration, persistence and pace, in working in close proximity to
> others, and in maintaining social function.

(R. at 28) (emphasis added.)  The ALJ stated that "[b]eginning in October, 2010, the

objective evidence in the record reflects that [Plaintiff's] condition deteriorated, such that

he has *marked* limitations in maintaining concentration, persistence and pace, in

working in close proximity to others, and in maintaining social function." (*Id.* (emphasis

added).)  The ALJ, therefore, created a different RFC for the time period beginning on

October 1, 2010, adjusting the "moderate" limitations provision to "marked." (R. at 32.)

Given the limitations in these RFCs, at step four the ALJ found that Plaintiff has

not been able to perform any past relevant work since September 18, 2007.  (R. at 32.)

At step five, the ALJ found that, prior to October 1, 2010, there was a significant number

of jobs in the national economy that Plaintiff could have performed (R. at 33), but

beginning on October 1, 2010, there was not a significant number of jobs in the national

economy that Plaintiff could perform. (R. at 34.)

Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act ("Act") prior to October 1, 2010, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. (*Id.*) The Appeals Counsel denied Plaintiff's request for review. (R. at 1.) Thus, the ALJ's August 9, 2011 decision is the final administrative action for purposes of review.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. ANALYSIS

Plaintiff raises two issues on appeal: (1) the ALJ failed to properly determine Plaintiff's RFC; and (2) the ALJ presented an imprecise, and therefore improper, hypothetical question to the vocational expert. (ECF No. 13 at 11, 27.) The Court will

4

address each of Plaintiff's arguments in turn.

**A.      Plaintiff's RFC and Disability Onset Date**

It is not disputed that Plaintiff is currently disabled under the Act.  What is in dispute is when Plaintiff became disabled.  The ALJ determined that Plaintiff did not become disabled until October 1, 2010.  (R. at 34.)  Plaintiff argues that the ALJ's decision is not supported by substantial evidence and, therefore, he is entitled to disability benefits starting from September 18, 2007.  (ECF No. 13 at 11-27.)  Specifically, Plaintiff argues that the ALJ failed to properly determine the RFC by: (1) not finding that Plaintiff's condition was disabling prior to October 1, 2010; (2) not finding that Plaintiff had additional severe mental impairments; (3) not applying the "special technique" for evaluating mental impairments; (4) not properly evaluating Plaintiff's credibility; and (5) not properly evaluating opinion evidence.  (*Id.*)

1.      Plaintiff's Mental Impairments

Plaintiff argues that the ALJ should have given more emphasis to Plaintiff's mental impairments, including his attention deficit disorder ("ADD"), anti-social personality disorder, bipolar type of schizoaffective disorder, insomnia, panic attacks, migraines, and borderline intellectual functioning.  (*Id.* at 19-23.)  Plaintiff alleges that the ALJ failed to consider all of Plaintiff's mental impairments or the combined effect of them, and thus incorrectly determined an onset of disability date of October 1, 2010. (*Id.* at 13-23.)  Plaintiff notes that these mental impairments have "shackled" him since childhood, and therefore, the determination that Plaintiff's onset of disability occurred on October 1, 2010 is not reflective of substantial evidence in the record.  (*Id.* at 12.)

The Court finds that the ALJ's conclusion that Plaintiff's additional mental

impairments are not severe is supported by substantial evidence in the record.  The alleged impairments were either included within the ALJ's finding that Plaintiff had a "schizoaffective disorder," were accounted for in her assessment of Plaintiff's functioning, or were specifically found to be not severe.  (R. at 27, 31-32.)  For instance, although Plaintiff argues that the ALJ failed to consider the effects of Plaintiff's bipolar-type of schizoaffective disorder (ECF No. 13 at 21), the ALJ actually determined that Plaintiff's schizoaffective disorder, bipolar-type and otherwise, was a severe impairment, and considered its effects in formulating the RFC.  (R. at 27).  Also, although Plaintiff argues that the ALJ failed to recognize the diagnosis of ADD (ECF No. 13 at 20), the ALJ recognized the impairments caused by that condition, and that before October 1, 2010, Plaintiff had "*moderate* limitations in maintaining concentration, persistence and pace[.]"  (R. at 28 (emphasis added); *see also* R. 27).  Finally, with respect to Plaintiff's insomnia, substantial evidence supports the ALJ's decision that Plaintiff's alleged insomnia was not severe.  (*See* R. at 114 ("I'm afraid somebody's going to get into my house at night so I stay awake.").)

Moreover, in order for the Court to find that the ALJ should have categorized these mental impairments as severe, or that the impairments show that Plaintiff was disabled prior to October 1, 2010, the Court would be required to impermissibly reweigh the evidence and substitute its judgment for that of the ALJ.  *See Salazar*, 468 F.3d at 621.  Accordingly, Plaintiff's arguments are not grounds for reversing the ALJ's decision.

2.    Evaluating Plaintiff's Mental Impairments

Although the Court has already found that substantial evidence supports the

6

ALJ's decision regarding Plaintiff's mental impairments, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson*, 987 F.2d at 1487 (10th Cir. 1993).  Plaintiff argues that the ALJ failed to consider Plaintiff's intellectual functioning with his severe mental impairments, thereby failing to properly apply the "special technique" for evaluating mental impairments set forth in the Commissioner's regulations.[4]  (ECF No. 13 at 23-24 (citing 20 C.F.R. § 404.1520a).)

The special technique is used at steps two and three of the sequential evaluation process to determine whether a mental impairment is severe and, if so, whether it is sufficiently severe to be considered presumptively disabling.  *See Hargis v. Sullivan*, 945 F.2d 1482, 1487 (10th Cir.1991).  In applying the technique, the ALJ "must first evaluate [Plaintiff's] pertinent symptoms, signs, and laboratory findings to determine whether [he has] a medically determinable mental impairment(s)" and, if so, "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)."  20 C.F.R. § 404.1520a(b)(1).  If the ALJ finds a medically determinable impairment, she is then required to rate the degree of functional limitation associated with the claimant's mental impairment in four areas: activities of daily living; social

---

[4]  In 2008, Plaintiff was administered the Wechsler Adult Intelligence Scale-Third Edition, by which it was determined that he has an IQ of 74.  (R. at 447.)  This score reflects borderline intellectual functioning.  (*Id.*)  Plaintiff argues that this assessment should be a definitive test of Plaintiff's intelligence, and that his intelligence, along with his other mental impairments, show that Plaintiff was disabled prior to 2010.  (ECF No. 13 at 24.)

functioning; concentration, persistence, or pace; and episodes of decompensation.[5]
*See id.* § 404.1520a(c)(3).

The Court finds that the ALJ's analysis of Plaintiff's mental limitations meets the above-described criteria.  First, the ALJ notes that she considered Plaintiff's impairments "individually and in combination."  (R. at 27.)  She also rated Plaintiff's degree of functional limitation associated with Plaintiff's mental impairments and concluded that, prior to October 1, 2010, his impairments resulted in "mild restriction in activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episode of decompensation, each of extended duration."  (*Id.*)  The ALJ also cited to the record evidence she used to reach this conclusion.  (*See* R. at 27 (noting that Plaintiff "drives"); R. at 39 (noting that Plaintiff graduated from a 16-month architectural drafting program and occasionally worked 20 hours per week in a work study plan); R. at 31 (noting that, although Plaintiff was assessed with an IQ of 74, during the administration of the test, "[he] gave up quickly, seemed to be somewhat passive aggressive, and had to be urged to continue" and that "[Plaintiff's] reading and writing scores were surprisingly strong given [his] low cognitive ability").)

The Court finds that Plaintiff's argument does not show that the ALJ failed to apply the correct legal standard.  Since the Court has already found that substantial

---

[5]  Limitations impacting the first three functional areas – activities of daily living, social functioning, and concentration, persistence, or pace – are rated on a five-point scale using the categories: none, mild, moderate, marked, and extreme.  Considerations of episodes of decompensation employ a four-point scale comprising the categories: none, one or two, three, and four or more.  "The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity."  20 C.F.R. § 404.1520a(c)(4).

evidence supports the ALJ's decision, Plaintiff's argument is not grounds for reversal. *See Thompson*, 987 F.2d at 1487.

   3.    Plaintiff's Credibility

   Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility.   (ECF No. 13 at 24-25.)   The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible prior to October 1, 2010."   (R. at 29.)   The ALJ also found that "[b]eginning on October 1, 2010, [Plaintiff's] allegations regarding his symptoms and limitations are generally credible."   (R. at 32.)

   "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).   Here, the Court finds that the ALJ reasonably discounted Plaintiff's statements, and articulated specific reasons supported by substantial evidence.   (*See* R. at 29 ("[Plaintiff] has a history of dishonesty"); *compare* R. at 336 (medical report from Dr. Walh in September 2007 stating that Plaintiff continued to work as a machinist), *with* R. at 50-51 (testimony to ALJ stating that Plaintiff last worked as a machinist in 2002 and that he lied to Dr. Wahl about continuing to work in 2007).)   Accordingly, Plaintiff's argument is not grounds for reversing the ALJ's decision.

   4.    Opinion Evidence

   Plaintiff argues that the ALJ was required to explain why she didn't adopt Dr. Wahl's January 4, 2010 opinion, after giving Dr. Wahl's 2008 opinion significant weight. (ECF No. 13 at 26.)   Dr. Wahl's 2010 opinion stated that Plaintiff was disabled, with an onset date of November 5, 2009.   (R. at 956.)   Whether a claimant is disabled is a

determination reserved to the Commissioner.  *Lackey v. Barnhart*, 127 F. App'x 455,

457 (10th Cir. 2005) (explaining that the ultimate question of disability is an issue

reserved to the Commissioner); 20 C.F.R. § 404.1527(a)(2).  Thus, the ALJ did not err

by refusing to adopt this opinion of Dr. Wahl.

**B.     Hypothetical Question**

Plaintiff argues that the hypothetical question presented to the vocational expert,

for the pre-October 2010 time period, was improper because it failed to contain all of

Plaintiff's mental impairments established by the record.  (ECF No. 13 at 27-28.)  "The

ALJ is required to include a claimed impairment in his hypothetical questions only if he

finds it to be supported by the evidentiary record."  *Waymire v. Apfel*, 198 F.3d 260, at

*2 (10th Cir. 1999) (citing *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).  The

Court has already found that the ALJ's determination of Plaintiff's mental impairments is

supported by substantial evidence.  Therefore, the ALJ did not err by omitting the non-

severe mental impairments from her hypothetical question.

## IV.  CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Commissioner's denial

of benefits prior to October 1, 2010.  The Clerk shall close this case and enter judgment

in favor of Defendant and against Plaintiff on all claims.  Each party shall pay his or her

own costs.

Dated this 23rd day of May, 2014.

BY THE COURT:

William J. Martínez
United States District Judge